UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LEE HOPPER, | Case No. 2:21-cv-00985-JDP (PC) |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA |
| v. | |
| MADDEN, PALACIOS, BRACAMONTE, AND GRAVES | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, initially filed this action as a habeas petition in the Southern District of California. *See* ECF Nos. 1 & 2. The Southern District transferred the action to this court after finding that plaintiff (petitioner at that time) was confined in this district. ECF No. 2-1 at 2. After the case was transferred, however, this action was converted into a section 1983 case. ECF No. 22. That new action primarily sues defendants employed at Richard J. Donovan Correctional Facility in San Diego, California.[1] *Id.* at 2.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

---

[1] The action also names one defendant employed at California State Prison, Los Angeles County in the Central District of California. ECF No. 22 at 2. Given that plaintiff is incarcerated at RJ Donovan and three of the defendants work at that facility, I find transfer to the Southern District to be more appropriate.

1

defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Now that plaintiff has changed the nature of this case, the complaint does not reflect that any of defendants reside in this district, and plaintiff's claims now arise primarily in San Diego County, which is in the Southern District of California.  *See* 28 U.S.C. § 84(a).  Thus, this action should be transferred back to the United States District Court for the Southern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, it is hereby ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:   December 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2